IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:06-cr-00081-1 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| JETEIME VAUN ARRINGTON ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Jeteime Vaun Arrington's motion for early termination of supervised release. (Dkt. No. 83.) The government does not oppose the request. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Arrington's motion. As recommended by probation, the court will grant Arrington's motion.

I.  BACKGROUND

In 2007, Arrington was convicted of one count of possession of a firearm in furtherance of a drug crime and one count of distribution of 50 grams or more of cocaine base. He was sentenced to 180 months incarceration followed by 120 months of supervised release. On February 11, 2008, Arrington's term of incarceration was reduced from 180 months to 100 months pursuant to a motion for substantial assistance (Dkt. No. 48), but his supervised release term remained the same. He was released from the Bureau of Prisons on November 28, 2013, and has been on supervised release since that date.

Arrington filed a letter request to terminate his supervised release on May 24, 2022, noting that he has been incident free in his more than eight years on probation, has never failed a urine screen, and has never missed a monthly report. (Dkt. No. 83.) Probation supports the motion because of his positive adjustment to supervision.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.  As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met.  *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010).  In addition, the inquiry is broader than the individual's conduct.  *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999).  "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals."  *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination.  *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

Arrington has been totally compliant with the terms of his release for almost nine years.  As reported by probation, his adjustment to supervision has been positive.  He has maintained communication with the probation officer and has been polite and respectful.  Arrington has maintained a stable residence and regular, full-time employment.  Furthermore, his financial obligations are paid in full, and his drug urine screens have all been negative.  His only contact

with law enforcement was a trespassing charge in 2018 that was dismissed in Roanoke City General District Court. There have been no new criminal convictions or instances of noncompliance.

Arrington's offenses were serious, but he has served his period of incarceration and a substantial period of supervised release. Given his compliance, his gainful employment, and his stable residence, the court finds that there is no longer a need to protect the public or to deter Arrington from committing further crimes through the ongoing imposition of release conditions. For these reasons, the court will grant Arrington's motion for early termination of his supervised release.

### III.  CONCLUSION

For the foregoing reasons, Arrington's motion for early termination of supervised release (Dkt. No. 83) will be granted. The court will issue an appropriate order.

Entered: May 31, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge